## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM "JACK" BAXTER, et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 18-cv-01078(RCL) |
| SYRIAN ARAB REPUBLIC, et al. | ) ) ) | |
| Defendants. | ) ) | |

### STATUS REPORT

COME NOW the Plaintiffs, by and through counsel, and in accordance with this Court's Minute Order of May 19, 2020, hereby provide this Status Report to the Court:

1. This matter ("Baxter Syria Case") is the companion case to *Baxter, et al, v. Islamic Republic of Iran*, 11-cv-2133 ("Baxter Iran Case").

2. This case was severed from the Baxter Iran Case by the Court, *sua sponte*, so that the Court could proceed in the Baxter Iran Case with entering a default judgment against the Islamic Republic of Iran ("Iran") because of the difficulties in serving the Syrian Arab Republic and Syrian Air Force Intelligence (collectively "Syria") at that time.

3. On September 27, 2019, this Court entered a default judgment in the Baxter Iran Case as to liability only against Iran on behalf of the 132 Plaintiffs who were injured in eleven separate Hamas attacks. (D.E. 40) Thereafter, the Court referred the evaluation of the Plaintiffs' damages in the Baxter Iran Case to Special Master Alan Balaran. *Id.*

4. Since that time, Plaintiffs have been in the process of gathering their damages evidence and providing it to the Special Master in family groupings and on a rolling basis, as requested by the Special Master. *See* Baxter Iran Case Status Reports (D.E. 44 and 45).

5. In this matter, the Plaintiffs have now served the Syrian Arab Republic and Syrian Air Force Intelligence. (D.E.39).

6. As previously discussed with the Court, once both the liability and damages judgments have been entered by the Court in the Baxter Iran Case, the Plaintiffs will move the Court to adopt the findings from the Baxter Iran Case, including the attribution to Hamas for the eleven terror attacks at issue and take Judicial Notice of the liability of Syria for its sponsorship and material support of Hamas in committing these attacks.

7. The Court can take judicial notice of the liability of Syria with respect to its material support of Hamas from the related Steinberg case, *Steinberg v. Islamic Republic of Iran*, 17-cv-1910-RCL and *Braun v. Islamic Republic of Iran*, 228 F. Supp. 3d 64, 71 (D.D.C. 2017). See "[W]hen a court has found facts relevant to a FSIA case involving material support to terrorist groups, courts in subsequent, related cases may 'rely upon the evidence presented in earlier litigation ... without necessitating the formality of having that evidence reproduced.'"*Harrison v. Republic of Sudan,* 882 F.Supp.2d 23, 31 (D.D.C.2012) (citation omitted)

8. Moreover, the damages evidence that is being submitted to the Special Master in the Baxter Iran Case is the same damages evidence that these Plaintiffs would submit in the Baxter Syria Case. Therefore, upon entry of default judgment as to damages in the Baxter Iran Case, this Court will be able to take Judicial Notice of its damages findings and enter default judgment as to both liability and damages in this severed Baxter Syria Case. The FSIA does not require this Court to relitigate issues that have already been settled in previous decisions. *Brewer v. Islamic Republic of Iran* 664 F.Supp.2d 43, 54 (D.D.C. 2009).

9. Accordingly, Plaintiffs propose that within 45 days of the Court's entry of final default judgment as to the damages in the Baxter Iran Case for these same Plaintiffs, the Plaintiffs will move the Court to adopt its findings in the Baxter Iran Case for this Baxter Syria Case and enter default judgment against Syria in this matter.

Dated:  June 18, 2020              Respectfully Submitted,

                                          HEIDEMAN NUDELMAN & KALIK P.C.
                                        1146 19th Street, 5th Floor
                                        Washington, DC  20036
                                        Telephone:  202-463-1818
                                        Telefax:  202-463-2999

                                        By:  /s/ *Tracy Reichman Kalik*
                                             Tracy Reichman Kalik (No. 462055)